2020-01863
D
Section 12

Case 2:20-cv-02979-CJB-JVM   Document 1-1   Filed 11/03/20   Page 1 of 20

FILED
2020 FEB 24   P 02:43
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: DIVISION: " "

ERNEST MURRAY

VERSUS

ROBERT MCKEE, ACE HARDWARE CORPORATION
AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____   _____
                                 DEPUTY CLERK

**PETITION FOR DAMAGES**

**NOW INTO COURT**, comes plaintiff, Ernest Murray, a person of the full age of majority, and a resident and domiciliary of the Parish of Terrebonne, State of Louisiana, who respectfully represents as follows:

1.

Made defendants herein are:

A) ROBERT MCKEE, upon information and belief, at all times pertinent herein, a person of the full age of majority, resident and domiciliary of the State of Alabama;

B) ACE HARDWARE CORPORATION, upon information and belief, at all times pertinent herein, a foreign corporation authorized to do and doing business in the State of Louisiana;

C) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, upon information and belief, at all times pertinent herein, a foreign insurer doing business in the State of Louisiana, who has appointed the Louisiana Secretary of State for Service of Process.

2.

On March 4, 2019, at approximately 5:36 a.m., Ernest Murray, a forty-one year old man in good health, was driving his 2016 Nissan Altima with due care, exited Business 90 on the Tchoupitoulas Street ramp the in the right-hand lane in the Parish of Orleans.

2020-01863

D

Section 12

Case 2:20-cv-02979-CJB-JVM   Document 1-1   Filed 11/03/20   Page 2 of 20

FILED
2020 FEB 24  P 02:43
CIVIL
DISTRICT COURT

3.

As Plaintiff Murray was coming off the Tchoupitoulas ramp, his lane permitted him to go straight or to turn right onto Annunciation Street. The the 2017 Utility VS2DX truck owned by Defendant, Ace Hardware Corporation, and operated by Defendant, Robert McKee, who was in the left-hand lane, which was for traffic headed straight ahead, attempted to merge into the right-hand lane and struck Plaintiff Murray's vehicle. The collision caused significant damage to plaintiff's vehicle from the driver's side front of the vehicle, continuing all the way to the driver's side rear of the vehicle. and also caused bodily injury to plaintiff.

Plaintiff Murray was transported from the scene of the accident via ambulance due to the injuries he sustained. The collision was caused solely by the negligence of defendant, Robert McKee.

4.

At all times material hereto, defendant, Robert McKee, was operating the vehicle with the full knowledge, consent and permission of the owner of the vehicle and was in the course and scope of his employment with defendant, Ace Hardware Corporation, rendering it vicariously liable for his acts of negligence..

5.

At all times material hereto, defendant, Ace Hardware Corporation., had in full force and effect a policy, contract and/or agreement of self-insurance, in which is provides coverage to those injured which affords coverage to defendant, Ace Hardware Corporation, for claims of the nature herein asserted.

6.

Solely as a result of the above-described accident, plaintiff, Ernest Murray, has been caused to suffer severe personal injuries to various parts of his body, including, but not limited to his neck, and back causing severe and persistent physical pain and mental anguish. He has required medical care, including conservative therapy, MRI studies, and other medical procedures. He has been disabled and handicapped in his everyday activities. He has incurred medical and miscellaneous

2

2020-01863

D

Section 12

Case 2:20-cv-02979-CJB-JVM   Document 1-1   Filed 11/03/20   Page 3 of 20

FILED
2020 FEB 24  P 02:43
CIVIL
DISTRICT COURT

expenses and will continue to incur same into the foreseeable future. His other sufferings and damages are continuing and will extend into the future; the full sequela and residual conditions from all of this are presently unknown but likely will be severe and probably are permanent; and any other injuries to his body and mind as may become known or manifest themselves between the date of filing of this petition and the date of trial of this case, the full extent of said injuries being presently unknown, said damages itemized as follows:

(a) PAIN AND SUFFERING,
Past, Present and Future;

(b) MENTAL ANGUISH,
Past, Present and Future;

(c) LOSS OF LIFE'S PLEASURES AND PERSONAL DISABILITIES,
Past, Present and Future;

(d) MEDICAL AND MISCELLANEOUS EXPENSES,
Past, Present, and Future; and

(e) LOST WAGES,
Past, Present and Future.

7.

The above-described accident and resulting damages and injuries were solely and proximately caused by the negligence of the defendant, Robert McKee, in the following non-exclusive list of particulars, to wit:

(a) Failing to see what he should have seen;

(b) Failing to keep a proper lookout;

(c) Failing to maintain control of his vehicle;

(d) Reckless, careless and/or negligent operation of his vehicle;

(e) Failing to obey the traffic laws of the State of Louisiana, which are pleaded by reference;

(f) Failing to act as a reasonable and prudent person under the circumstances, and such other actions or inactions as may be shown at the trial of this matter; and

(g) Any and all other acts of negligence which may be proven at the trial of this matter.

3

2020-01863

D

Section 12

Case 2:20-cv-02979-CJB-JVM   Document 1-1   Filed 11/03/20   Page 4 of 20

FILED
2020 FEB 24  P 02:43
CIVIL
DISTRICT COURT

8.

At all times material hereto, defendant, State Farm Mutual Automobile Insurance Company, had in full force and effect a policy, contract and/or agreement of insurance which afforded uninsured/underinsured coverage to Plaintiff, Ernest Murray, for claims of the nature herein asserted.

9.

The above-named defendants are indebted unto your plaintiff, jointly, severally, and *in solido*, in an amount reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, all costs and/or expenses of these proceedings and for all general and equitable relief as the nature of the cause may require.

**WHEREFORE**, plaintiff, Ernest Murray, prays that the defendants be served with the above and the foregoing petition and citation, as indicated below or subsequently, and after all legal proceedings and due delays had, there be judgment herein in favor of plaintiffs, and against defendants, Robert McKee, Ace Hardware Corporation, and State Farm Mutual Automobile Insurance Company, jointly, severally and *in solido*, in an amount deemed reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, plus all costs and/or expenses of these proceedings.

Your plaintiff further prays for all general and equitable relief as the nature of the cause may require.

Respectfully Submitted:

THE JERNIGAN LAW FIRM

_____
SUSANNE W. JERNIGAN, (LSBA #14522)
829 Baronne Street
New Orleans, LA 70113
Telephone: (504) 283-3100
Fax: (866) 703-7621
Email: sue@jerniganlaw.com
*Attorney for Plaintiff*

**PLEASE HOLD SERVICE**

## CIVIL DISTRICT COURT OR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO. 2020-01863**                                                                                    **DIVISION "D-12"**

### ERNEST MURRAY

### VERSUS

### ROBERT MCKEE, ACE HARDWARE CORPORATION AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**FILED:** _____                    _____
                                                                              **DEPUTY CLERK**

### DILATORY EXCEPTION OF VAGUENESS

NOW INTO COURT, through undersigned counsel, comes Exceptor, Ace Hardware Corporation, who files this Dilatory Exception to the Petition for Damages filed by the plaintiff, Ernest Murray. For the reasons more fully explained in the accompanying Memorandum in Support, Ace Hardware Corporation excepts to the Petition as vague and ambiguous because it fails to state with specificity whether Plaintiff's alleged damages exceed or are less than the requisite amount required for federal jurisdiction or a trial by jury, as required by Louisiana Code of Civil Procedure Article 893.

**WHEREFORE**, Exceptor, Ace Hardware Corporation, prays this Court sustain its Dilatory Exception, and that Plaintiff be ordered to amend his lawsuit to state with specificity whether their alleged damages exceed or are less than $75,000.00 and whether or not said alleged damages exceed the requisite amount required for a trial by jury, as required by the Louisiana Code of Civil Procedure.

Respectfully Submitted,

_/s/ Emily Booth_
PETER J. WANEK (#23353)
EMILY E. BOOTH (#34448)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 324-6467
Facsimile: (504) 324-6626

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this _22_ day of _July_, 2020, I served a copy of the foregoing Exception on counsel for all parties to this proceeding, via electronic mail.

_/s/ Emily Booth_
EMILY E. BOOTH

**EXHIBIT B**

## CIVIL DISTRICT COURT OR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2020-01863                                                                                      DIVISION "D-12"

### ERNEST MURRAY

### VERSUS

### ROBERT MCKEE, ACE HARDWARE CORPORATION AND
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____

                                                        **DEPUTY CLERK**

### RULE TO SHOW CAUSE

CONSIDERING the foregoing Dilatory Exception;

IT IS ORDERED that the plaintiff, Ernest Murray, show cause on the _____ day of _____, 2020, at _____ a.m. / p.m., why Exceptor, Ace Hardware Corporation's exception should not be granted requiring plaintiff to amend his lawsuit to state with specificity the amount of damages so sought in order to establish jurisdiction and to conform with the requirements of the Louisiana Code of Civil Procedure.

New Orleans, Louisiana, this _____ day of _____, 2020.

                                                                                      _____
                                                                                                JUDGE

**PLEASE SERVE:**

Plaintiff, Ernest Murray
Through his attorney of record
Susanne W. Jernigan, Esq.
829 Baronne Street
New Orleans, LA 70113

# CIVIL DISTRICT COURT OR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

**NO. 2020-01863**                                                       **DIVISION "D-12"**

### ERNEST MURRAY

### VERSUS

### ROBERT MCKEE, ACE HARDWARE CORPORATION AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**FILED:**_____       _____
                                                        **DEPUTY CLERK**

## MEMORANDUM IN SUPPORT OF DILATORY EXCEPTION OF VAGUENESS

May It Please the Court:

Exceptor, Ace Hardware Corporation, has been sued in the above numbered and entitled cause by the plaintiff, Ernest Murray (hereinafter "Plaintiff"). In his lawsuit, Plaintiff alleges that on March 4, 2019, he exited Business 90 on the Tchoupitoulas Street ramp in the right lane when Robert McKee, the driver of a truck owner by Ace Hardware Corporation, merged from the left lane of traffic to the right lane and struck his vehicle.[1] Additionally, Plaintiff alleges that at the time of the incident Robert McKee was operating the vehicle with full knowledge, consent and permission of the owner of the vehicle and was in the course and scope of his employer, Ace Hardware Corporation, rendering it vicariously liable.[2] Plaintiff also alleges that at the time of the incident Ace Hardware Corporation had in full force and effect a policy of self-insurance that provided coverage to Ace Hardware Corporation for claims like those Plaintiff is asserting.[3]

Pursuant to Louisiana Code of Civil Procedure, specifically Article 926, Ace Hardware Corporation has filed a Dilatory Exception alleging that Plaintiff's Petition does not conform with the requirements of the Louisiana Code of Civil Procedure as to form. Specifically, Exceptor cites to Louisiana Code of Civil Procedure Article 893, entitled "Pleading of Damages" which states in pertinent part:

> A(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages

---

[1] Exhibit "A," Petition for Damages, paragraphs 2-3.
[2] Exhibit "A", Petition for Damages, paragraph 4.
[3] Exhibit "A", Petition for Damages, paragraph 5.

>as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** (Emphasis added)

The Louisiana Code of Civil Procedure further provides that when a petition for damages is vague and ambiguous, a defendant must object to the petition prior to or in the answer, or else the objection is waived.[4]

In the instant matter, Plaintiff alleges that he has suffered bodily injuries. However, the Petition violates the Louisiana Code of Civil Procedure in that it fails to state whether or not those damages exceed the requisite amount for a trial by jury in Louisiana ($50,000.00 at present) and fails to state whether or not the damages sought are in excess of $75,000.00 such that diversity subject matter jurisdiction might exist for removal of the instant matter to federal court.

In the event Plaintiff's damages sought are in excess of $75,000.00, Exceptor, Ace Hardware Corporation, may be entitled to remove this matter to federal court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. However, at the present time, Exceptor is barred from removing this matter to federal court until such time as Plaintiff amends his lawsuit to plead with specificity whether or not such damages sought are greater than $75,000.00, exclusive of interest and costs. In the event Plaintiff's damages sought are in excess of $50,000.00, Plaintiff would be entitled to a trial by jury pursuant to Louisiana Code of Civil Procedure Article 1732. Pursuant to Louisiana Code of Civil Procedure Article 923, 928 and 929, exceptions are meant to test the sufficiency of the pleading. Exceptor is entitled to have the exception heard prior to the filing of the Answer and well before trial.

In an effort to resolve this matter prior to hearing, on June 24, 2020, Exceptor forwarded to Plaintiff, through counsel, proposed stipulations, requesting that (1) they make known whether or not the damages sought exceed $75,000.00 or are less than $75,000.00 and (2) they make known whether or not the damages sought exceed $50,000.00 or are less than $50,000.00.[5] To date, the undersigned have not received a response from counsel for Plaintiff.

---

[4] La. C.C.P. arts 926 and 928.
[5] Exhibit "B", June 24, 2020, correspondence and stipulation

Should Plaintiff, through his counsel, establish that damages sought are less than $75,000.00, Exceptor will kindly withdraw this portion of the present exception regarding lack of jurisdiction of federal courts. However, until such time as the formal Stipulation is executed or an Amended Petition for Damages received, Exceptor maintains that its exception has merit and prays for an order from this Court commanding Plaintiff to supplement and to amend the present Petition such that it conforms with the Louisiana Code of Civil Procedure to permit counsel for Exceptor to learn whether or not diversity jurisdiction exists (subject matter jurisdiction) for the purposes of removing the instant matter to federal court.

Moreover, should Plaintiff, through his counsel, establish that damages sought are less than $50,000.00, Exceptor will kindly withdraw this portion of the present exception regarding whether Plaintiff's alleged damages meet the requisite amount of a trial by jury. However, until such time as the formal Stipulation is executed or an Amended Petition for Damages received, Exceptor maintains that its exception has merit and prays for an order from this Court commanding Plaintiff to supplement and to amend the present Petition such that it conforms with the Louisiana Code of Civil Procedure to permit counsel for Exceptor to learn whether or not Plaintiff is seeking a trial by jury in this matter.

Respectfully Submitted,

*/s/ Emily Booth*
PETER J. WANEK (23353)
EMILY E. BOOTH (#34448)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 218-7420
Facsimile: (504) 324-6626

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this _22_ day of ___July___, 2020, I served a copy of the foregoing Exception on counsel for all parties to this proceeding via electronic mail.

EMILY E. BOOTH

FILED

2020 JUL 22 AM 10:12

CIVIL
DISTRICT COURT

# CIVIL DISTRICT COURT OR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2020-01863                      DIVISION "D-12"

### ERNEST MURRAY

### VERSUS

### ROBERT MCKEE, ACE HARDWARE CORPORATION AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____        _____
                                        DEPUTY CLERK

## RULE TO SHOW CAUSE

CONSIDERING the foregoing Dilatory Exception;

IT IS ORDERED that the plaintiff, Ernest Murray, show cause on the 24th day of September, 2020, at 10:30 (a.m.)/ p.m., why Exceptor, Ace Hardware Corporation's exception should not be granted requiring plaintiff to amend his lawsuit to state with specificity the amount of damages so sought in order to establish jurisdiction and to conform with the requirements of the Louisiana Code of Civil Procedure.

JUL 3 1 2020

New Orleans, Louisiana, this _____ day of _____, 2020.

_____
Dawn B. Taylor, Minute Clerk
Division "D"
By Order Of The Court

RECEIVED
JUL 2 9 2020
DIVISION "D"

**PLEASE SERVE:**

Plaintiff, Ernest Murray
Through his attorney of record
Susanne W. Jernigan, Esq.
829 Baronne Street
New Orleans, LA 70113

# EXHIBIT C

V West
VERIFIED
7/31/2020

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2020-01863　　　　　　　　　　　　　　　　　　　　DIVISION: " D-12"

ERNEST MURRAY

VERSUS

ROBERT MCKEE, ACE HARDWARE CORPORATION AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM
TO CONTINUE DILATORY EXCEPTION OF VAGUENESS**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Ernest Murray, who respectfully moves this Honorable Court to continue the Dilatory Exception of Vagueness set by Emily E. Booth, on behalf of defendant, Ace Hardware Corporation, for September 24, 2020 at 9:30 a.m. for good grounds therefore, pursuant to La. C.C.P. art. 1601, as she has a trial set for September 21, 2020 through September 24, 2020 in the matter entitled *Kashima Jupiter, et al vs. David Osornio, et* al, CDC No. 2017-01422, Division "B-05". Undersigned wishes to reschedule the Dilatory Exception of Vagueness until October 22, 2020 at 9:30 a.m.

Undersigned has contacted opposing counsel who agrees to this continuance and to the new date of October 22, 2020.

WHEREFORE, plaintiff, Ernest Murray, prays that defendant's Dilatory Exception of Vagueness be continued until October 22, 2020 at 9:30 a.m.

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　SUSANNE W. JERNIGAN, (#14522)
　　　　　　　　　　　　　　　　　　　　The Jernigan Law Firm
　　　　　　　　　　　　　　　　　　　　829 Baronne Street
　　　　　　　　　　　　　　　　　　　　New Orleans, LA  70113
　　　　　　　　　　　　　　　　　　　　Telephone: (504) 283-3100
　　　　　　　　　　　　　　　　　　　　Fax: (866) 703-7621
　　　　　　　　　　　　　　　　　　　　Email: sue@jerniganlaw.com
　　　　　　　　　　　　　　　　　　　　***Attorney for Plaintiff***

# EXHIBIT D

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleadings has been forwarded to counsel/or parties of record by faxing, emailing, and/or placing same in the United States mail, postage prepaid on this 6th day of August, 2020.

_____
SUSANNE W. JERNIGAN

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2020-01863                                                                DIVISION: " D-12"

ERNEST MURRAY

VERSUS

ROBERT MCKEE, ACE HARDWARE CORPORATION AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____            _____
                                                              DEPUTY CLERK

## **ORDER**

Considering the foregoing Unopposed Motion to Continue;

IT IS HEREBY ORDERED that the Dilatory Exception of Vagueness previously scheduled for September 24, 2020 is continued and reset for the 22nd day of October, 2020.

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2020.

_____
HONORABLE NAKISHA ERVIN-KNOTT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2020-01863  DIVISION: " D-12"

ERNEST MURRAY

VERSUS

ROBERT MCKEE, ACE HARDWARE CORPORATION AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____  _____
DEPUTY CLERK

## MOTION TO SUBSTITUTE COUNSEL OF RECORD

**NOW INTO COURT** comes Susanne W. Jernigan, who moves this Honorable Court for an order withdrawing her and Jernigan Law Firm as attorney of record for plaintiff, Ernest Murray, and substituting Jacob P. Van Wynen of the law firm of Leefe, Gibbs, Sullivan, & Dupré, L.L.C. as said plaintiff's counsel of record in the above captioned matter.

**WHEREFORE,** Susanne W. Jernigan of the Jernigan Law Firm seeks an order withdrawing her as counsel of record for the plaintiff, Ernest Murray, and substituting Jacob P. Van Wynen of the law firm of Leefe, Gibbs, Sullivan, & Dupré, L.L.C. as plaintiff's counsel of record in the above captioned matter.

Respectfully Submitted:

_____
SUSANNE W. JERNIGAN, (#14522)
The Jernigan Law Firm
829 Baronne Street
New Orleans, LA 70113
Telephone: (504) 283-3100
Fax: (866) 703-7621
Email: sue@jerniganlaw.com

*and*

**EXHIBIT E**

1

E-Filed

FILED
2020 OCT 01 P 02:15
CIVIL
DISTRICT COURT



JACOB P. VAN WYNEN, (#)
Leefe, Gibbs, Sullivan & Dupré, L.L.C.
One Lakeway Center, Suite 1470
3900 North Causeway Blvd.
Metairie, LA 70002
Telephone: (504) 830-3990
Fax: (504) 830-3998
Email: jpvanwynen@leefegibbs.com
*Attorney for Ernest Murray*

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of October, 2020, served a copy of the foregoing pleading on counsel for all parties by:

( ) Hand Delivery ( ) Prepaid U.S. Mail

(X) Facsimile/E-mail Transmission ( ) UPS/Federal Express

JACOB P. VAN WYNEN

2

E-Filed

FILED
2020 OCT 01  P 02:15
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2020-01863                                             DIVISION: " D-12"

ERNEST MURRAY

VERSUS

ROBERT MCKEE, ACE HARDWARE CORPORATION AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED:_____       _____
                                         DEPUTY CLERK

## ORDER

Considering the foregoing Motion to Substitute Counsel of Record;

**IT IS HERBY ORDERED** that Susanne W. Jernigan is hereby withdrawn as counsel of record for plaintiff, Ernest Murray.

**IT IS FURTHER ORDERED** that Jacob P. Van Wynen of Leefe, Gibbs, Sullivan, & Dupré, L.L.C. is hereby enrolled and substituted as counsel of record for plaintiff, Ernest Murray.

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2020.

                                      _____
                                               JUDGE

1

E-Filed

# Emily Booth

| | |
|---|---|
| **From:** | Jacob Van Wynen <jpvanwynen@leefegibbs.com> |
| **Sent:** | Monday, October 5, 2020 2:00 PM |
| **To:** | Emily Booth |
| **Cc:** | Madison Kurrus; Tanya Ekinia |
| **Subject:** | Re: FW: Ernest Murray - Motion to Substitute Counsel |

Emily,

Per our conversation today please let this email serve as formal notification that we are seeking in excess of $75,000.00 for the damages sustained by my client, Mr. Ernest Murray.  Please let me know if you need any additional information, and if the hearing that is set on this matter can now be considered moot.  Thank you.

---

  Virus-free. [www.avg.com](http://www.avg.com)

On Fri, Oct 2, 2020 at 10:15 AM Emily Booth <[ebooth@wkdlawfirm.com](mailto:ebooth@wkdlawfirm.com)> wrote:

> Thanks, Madison. Welcome aboard.
>
> Please include my assistant, Tanya Ekinia on future emails enclosing pleadings on this case. I've included her on here.
>
> **Emily E. Booth**
>
> Attorney
>
> Wanek Kirsch Davies LLC
>
> 1340 Poydras Street, Suite 2000
>
> New Orleans, Louisiana 70112
>
> 504-324-6493 Main
>
> 504-324-6467 Direct
>
> 504-324-6626 Fax
>
> [ebooth@wkdlawfirm.com](mailto:ebooth@wkdlawfirm.com)

**EXHIBIT F**

1

www.WKDlawfirm.com



**From:** Madison Kurrus <mkurrus@leefegibbs.com>
**Sent:** Friday, October 2, 2020 10:09 AM
**To:** Emily Booth <ebooth@wkdlawfirm.com>
**Cc:** Jacob <jpvanwynen@leefegibbs.com>
**Subject:** Ernest Murray - Motion to Substitute Counsel

Hello Ms. Booth,

Please find attached the Motion to Substitute Counsel that was filed by Ms. Jernigan. Mr. Jacob Van Wynen will now be representing Mr. Murray in this matter.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

--

**Madison Kurrus**

**Paralegal to Jacob P. Van Wynen, Esq.**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**LEEFE, GIBBS, SULLIVAN & DUPRÉ, LLC**

**One Lakeway Center**

**3900 N. Causeway Blvd., Suite 1470**

Metairie, LA 70002

**Telephone: (504) 830-3990**
**Facsimile: (504) 830-3998**
**E-mail: mkurrus@leefegibbs.com**
**Website: www.leefegibbs.com**

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION

**CIRCULAR 230 NOTICE:** In accordance with Treasury Regulations which became applicable to all tax practitioners as of June 20, 2005, please note that any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY NOTICE:** This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Leefe, Gibbs, Sullivan & Dupré LLC immediately by telephone (504-830-3990) and destroy the original message. Messages sent to and from us may be monitored.

--

Regards,

Jacob P. Van Wynen, Esq.

**LEEFE, GIBBS, SULLIVAN & DUPRÉ, LLC**
**One Lakeway Center**
**3900 N. Causeway Blvd.**
**Suite 1470**
**Metairie, LA 70002**

**Telephone:  (504) 830-3990**
**Facsimile:  (504) 830-3998**
**E-mail:  jpvanwynen@leefegibbs.com**
**Website:  www.leefegibbs.com**

Our attorneys are licensed in the States of Louisiana and Florida

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**CIRCULAR 230 NOTICE:** In accordance with Treasury Regulations which became applicable to all tax practitioners as of June 20, 2005, please note that any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY NOTICE:** This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Leefe, Gibbs, Sullivan & Dupré LLC immediately by telephone (504-830-3990) and destroy the original message. Messages sent to and from us may be monitored.

 Virus-free. www.avg.com